CLARENCE B. NICOLETTE and FLORENCE B. NICOLETTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nicolette v. Commissioner
Docket No. 2697-78.
United States Tax Court
T.C. Memo 1979-204; 1979 Tax Ct. Memo LEXIS 321; 38 T.C.M. (CCH) 845; T.C.M. (RIA) 79204; May 22, 1979, Filed Florence B. Nicolette, pro se. Charles O. Cobb, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] as amended, and General Order No. 6 of this Court, 69 T.C. XV. [2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE
*323 AARONS, Special Trial Judge: Respondent determined a deficiency in petitioners' federal income tax for 1974 in the amount of $812. The only issue for the Court's determination is the deductibility of rental expense (including depreciation) in excess of petitioners' rental income. A medical expense adjustment turns automatically upon the result of the rental expense dispute. FINDINGS OF FACT Some of the facts are stipulated and are found accordingly. At the time the petition herein was filed, the petitioners resided in Cerritos, California. They filed a joint return for 1974 with the office of the Internal Revenue Service at Fresno, California. In 1968, the petitioners and Delbert and Lennie Black, husband and wife, formed a corporation for the purpose of operating a restaurant (known as Puccini's) at 17720 South Pioneer, Artesia, California. In 1970 a new corporation named the Nic-Frank Corporation, was formed by the petitioners and Francis S. and Onzelle A. Pack, husband and wife, for the purpose of continuing said restaurant business. The petitioners and Francis S. and Onzelle A. Pack were each one-half owners of the Nic-Frank Corporation. In February 1973 Francis *324 S. and Onzelle A. Pack transferred their one-half interest in the Nic-Frank Corporation to the petitioners. Since that time, the petitioners have been the sole owners of the Nic-Frank Corporation. In October 1969 the petitioners and the Blacks, as lessees, executed a 5 year, renewable lease with Edward and Sjana Haakma, as lessors, covering the 17720 South Pioneer premises. The rental was at the rate of $950 per month. The lessors, preferring to rely upon the direct liability of the individual lessees, were unwilling to do business directly with the restaurant corporation. Moreover, the insurer under the restaurant's fire insurance policy preferred (because of the underfinanced condition of the operating corporation) that the property be leased to the individuals rather than the corporation. In November 1970 petitioners subleased the restaurant premises to Nic-Frank Corporation for the same rental of $950 per month. The sublessee agreed to be bound by all the requirements of the master lease. The sublease was to run for the balance of the term of the master lease. The reasonable rental value of the premises in question does not appear to have exceeded $950 per month. *325 In April 1971 the master lease was rewritten to substitute the Packs for the Blacks as co-lessees. At that time, the petitioners and the Packs were also granted an option to purchase the leased premises for the sum of $155,000 exercisable after the third year of the lease term. The rental payments to the Haakmas remained at $950 per month, and there was no provision for crediting any portion of the rental payment against the option price. In 1969 and 1970 petitioners and their co-lessees borrowed a total of $32,000 from the Haakmas for the principal purpose of making improvements to the leased premises. Petitioners have repaid $5000 to the Haakmas but to date have paid only interest on the remaining balance. Petitioner-wife worked in the Puccini restaurant, which is here at issue, in the office and as a hostess. She received a $3450 salary in 1974 from that restaurant. Petitioner-husband worked as chef and received no salary. On their 1974 return petitioners reported rental income of $11,400 ( $950 per month), rental expense of $11,400, together with depreciation of $2164 (on the leasehold improvements) and interest expense of $3330 (on the Haakama loans.) This $5494 aggregate *326 excess expense over income was disallowed by respondent on the ground that petitioners' rental of the restaurant building was not a transaction entered into for profit. OPINION Section 183(a) of the Code limits deductions attributable to an activity not engaged in for profit. That limit is set forth as follows in section 183(b): (b) Deductions Allowable.--In the case of an activity not engaged in for profit to which subsection (a) applies, there shall be allowed-- (1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1). In the instant case the deduction "which would be allowable * * * without regard to whether or not such activity is engaged in for profit" is the $3330 interest deduction. The deduction for depreciation is available in full only if *327 the property is used in trade or business or is held for the production of income (section 167). The deduction for rent expense is available in full only as an ordinary and necessary expense if required of petitioners in carrying on their trade or business (section 162(a)) or as a nonbusiness expense if connected with the collection of income or with the management or maintenance of property held for the production of income (section 212). If respondent is correct in determining that petitioners' rental of the restaurant premises was a not-for-profit activity, he correctly applied the limitation of deductions prescribed by section 183(b)(2), by allowing only so much of the aggregate rental and depreciation deductions as would bring the total deduction (including interest paid) up to the amount of the rental income. The trade or business for which a taxpayer is entitled to claim deductions must be the tapxyer's own trade or business. Regs. § 1.162-1(a). The trade or business of a taxpayer's wholly owned or controlled corporation is not the trade or business of the taxpayer. Deputy v. du Pont,308 U.S. 488 (1940); Dalton v. Bowers,287 U.S. 404 (1932). *328 This long established principle has been applied to the deduction of rent paid by a taxpayer on premises occupied by his controlled corporation. Koree v. Commissioner,40 T.C. 961 (1963). The term "production of income" is synonymous with "a profit-seeking purpose." Yanow v. Commissioner,44 T.C. 444 (1965), affd. 358 F. d 743 (3d Cir. 1966). The requirement of a profit making purpose is satisfied only if there is a dominant motive to make a profit from the activity in question. Hirsch v. Commissioner,315 F.2d 731 (9th Cir. 1963). Applying these principles to the instant case leaves us no alternative but to sustain respondent's determination. Petitioners acted purely as a conduit between the lessor and their restaurant operating corporation. Because the terms of the sublease were the same as those of the master lease, there existed an inherent impossibility of a profit to petitioners. And, as in Yanow and in Koree,supra, there is no other element in this case which may serve to relate the leasing transactions to a profit making activity of petitioners. There is no showing that petitioners were *329 engaged in any business other than their restaurant employment. The expenditures here did not relate to that employment. Nor were petitioners in the business of promoting corporations for a profit. Cf. Whipple v. Commissioner,373 U.S. 193 (1963). It is indeed questionable whether any "back to back" lease and sublease in these circumstances may legitimately be a profit-seeking activity as between shareholders and their wholly owned corporation. It has been held that a shareholder who likewise obtained a lease because of unwillingness of the owner to lease to a corporation, and who then subleased to his controlled corporation at a much higher rental, was under a fiduciary duty as to the corporation to act in utmost good faith and could not obtain a personal advantage in a transaction which he had initiated for the benefit of the corporation. Utter-McKinley Mortuaries v. Commissioner,225 F.2d 870, 873 (9th Cir. 1955), affg. a Memorandum Opinion of this Court. In that case the corporation was denied a deduction for the excess rent it paid over the amount that its shareholder was obligated to pay under the master lease. In the light of the *330 foregoing authorities, and since under the facts here involved, there exists a built-in impossibility of profit on the part of petitioners, we must sustain respondent's determination. [3]
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
3. Because we do not rely on exhibits 11-K and 12-L in coming to this conclusion, we need not deal with respondent's relevency objection to these documents.↩